UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

April 26, 2024

**LETTER ORDER**

Re: Elijah H. v. Martin O'Malley, Commissioner, Social Security Administration[1]
Civil Case No. SAG-23-1786

Dear Plaintiff and Counsel:

On July 5, 2023, Plaintiff Elijah H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. I have considered the record in this case (ECF No. 6) and the parties' briefs (ECF Nos. 11, 12 & 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains my rationale.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on December 10, 2020, alleging a disability onset of February 1, 2020. Tr. 192-97. Plaintiff's claims were denied initially and on reconsideration. Tr. 90-100. On September 8, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31-72. Following the hearing, on November 29, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 13-30. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on July 5, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 10, 2020 . . . ."  Tr. 18.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anemia; septic arthritis of the right knee with post-traumatic osteoarthritis; asthma; and major depressive disorder[.]"  *Id.*  The ALJ also determined that Plaintiff suffered from the non-severe impairment of obesity.  Tr. 19.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), except that the claimant can lift and carry 20 [pounds] occasionally and 10 [pounds] frequently; stand and/or walk for six out of eight hours; and sit for six out of eight hours. The claimant can frequently climb stairs, balance, stoop, kneel, and crouch, but cannot crawl or climb ladders. He cannot have concentrated exposure to respiratory irritants, temperature extremes, vibrations, or hazards. The claimant is limited to simple, routine tasks and occasional contact with supervisors and coworkers, but no contact with the public. He can perform low stress work, defined as occasional decision[-]making and occasional changes in work setting.

Tr. 21.  The ALJ determined that Plaintiff was unable to perform past relevant work as a Cook (DOT[3] #313.374-014) but could perform other jobs that existed in significant numbers in the national economy.  Tr. 25.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 26.

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff argues that the ALJ's decision is unsupported by substantial evidence because the ALJ failed to comply with the holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF No. 11, at 7. Specifically, Plaintiff contends that once the ALJ found that Plaintiff suffered from moderate difficulties in concentration, persistence, or pace ["CPP"], the ALJ was then required to "either include a corresponding limitation in the RFC assessment or explain why no such limitation [was] necessary." *Id.* at 8-9. Defendant counters that the ALJ "properly found that Plaintiff did not meet the strict definition of disability after considering all the evidence and determining that Plaintiff ha[d] the ability to perform a range of light work." ECF No. 12, at 1. Defendant additionally argues that the "ALJ reasonably accounted for Plaintiff's moderate limitations in [CPP], and provided specific discussion tying her findings in these areas to the RFC finding." *Id.*

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638 (citation omitted) (holding that the Fourth Circuit "agree[s] with other circuits [joining the Third, Seventh, Eighth, and Eleventh Circuits] that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question

Elijah H. v. Commissioner, Social Security Administration
Civil Case No. SAG-23-1786
April 26, 2024
Page | 4

to simple, routine tasks or unskilled work."); *Shinaberry*, 952 F.3d at 121-22. However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation. Tr. 20. As support for this conclusion, the ALJ noted that Plaintiff alleged that "his mental impairment restrict[ed] his ability to maintain concentration and persistence. Tr. 20. However, the ALJ stated that Plaintiff "testified that he can clean, mop, sweep, vacuum, do laundry, cook, [and] wash dishes. *Id.* The ALJ evaluated Plaintiff's Function Report, noting that Plaintiff "also reported several regular daily and weekly activities, such as attending church on Sundays, helping direct traffic in the church parking lot, and volunteering at his church[.]" Tr. 20. The ALJ continued that Plaintiff "also can watch and focus on movies at home[.] He enjoys reading the Bible daily, coloring, and using the computer for six to seven hours a day playing games and watching baseball [sic]." Tr. 20. Thus, the ALJ concluded that Plaintiff had "no more than a moderate limitation in [CPP]." Tr. 20.

After finding that Plaintiff had a moderate limitation in CPP, the ALJ determined Plaintiff's RFC. Regarding Plaintiff's mental impairments, the ALJ "limited [Plaintiff] to simple, routine tasks and occasional contact with supervisions and coworkers, but no contact with the public. He can perform low stress work, defined as occasional decision making and occasional changes in work setting." Tr. 21.

The Court agrees with Plaintiff that the ALJ's lack of explanation constitutes error. A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). Social Security Ruling ("SSR") 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7.

Here, the ALJ contravened SSR 96-8p by failing to explain how the evidence specifically supported the RFC's provisions regarding Plaintiff's moderate CPP limitation. Although the record contains a restriction that corresponds with Plaintiff's moderate limitation in interacting with others, the ALJ did not include a restriction for the Plaintiff's moderate CPP limitation. *See Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (remanding when the ALJ's decision only contained a limitation for the Plaintiff's moderate social functioning but not for Plaintiff's moderate CPP limitation when the ALJ limited Plaintiff to simple, routine, repetitive work with few to non-workplace changes). The ALJ made only one mention throughout their decision regarding the RFC's provisions—that "[g]iven [Plaintiff's] mental impairments and symptoms, [the ALJ] [found] that he would be limited to performing simple, routine tasks that are low stress work." Tr. 23. If the ALJ's restriction for Plaintiff's moderate CPP limitation is assumed to be this statement, it is not only insufficient under *Mascio*, but leaves this Court "to guess" as to the ALJ's intentions. *See Mascio*, 780 F.3d at 637-38 (holding that an ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks

or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations); *see also Shinaberry*, 952 F.3d at 121-22.  Moreover, the ALJ did not explicitly base these RFC provisions on any opinions contained in the record.  *Cf. Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ adopted certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned the opinion "significant weight").  These gaps in the ALJ's analysis frustrate meaningful review and warrant remand.  *See Mascio*, 780 F.3d at 637.

Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful.  *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).  However, remand is also appropriate if "inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio*, 780 F.3d at 636, 637 (declining to hold that the ALJ's lack of reasoning constituted harmless error because the Court was "left to guess about how the ALJ arrived at [their] conclusions"); *see also Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, *2 (D. Md. Mar. 29, 2017) (remanding when the ALJ's discussion was "simply insufficient" regarding the plaintiff's "ability to work consistently over an eight-hour workday.").

On remand, the ALJ must either: (1) explain how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations.  *See Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015); *Mascio*, 780 F.3d at 638.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  **CONCLUSION**

For the reasons set forth herein, the ALJ's opinion is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge